UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff Juanita Jackson's ("Plaintiff") motion to remand. *See* Dkt. # 9 ("*Mot.*"). Defendant Compass Group USA, Inc. ("Defendant") opposes the motion, *see* Dkt. # 10 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 11 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I. Background

　A. Factual Background

Plaintiff worked for Defendant as a cook and dietary aid at a psychiatric hospital in Bellflower, California. *See Complaint*, Dkt. # 1-1, Ex. A ("*Compl.*"), ¶ 15. Defendant terminated her employment on February 6, 2019. *Id.* ¶ 31.

On March 14, 2019, Plaintiff filed this lawsuit against Defendant in Los Angeles Superior Court, bringing state law claims based on racial discrimination and harassment. *See generally id.* Specifically, Plaintiff alleges that while working for Defendant, she and other African-Americans were subjected to harassment and discriminatory treatment because of their race. *See generally id.* As one example, Plaintiff alleges that hospital staff routinely used the n-word in her presence, including to address African-American patients, and continued to do so even after she complained. *See id.* ¶¶ 21–27. The complaint seeks several categories of damages, including economic damages for loss of earnings, non-economic emotional distress damages, and punitive damages. *See id.* at 19. It also seeks attorneys' fees. *Id.* It does not, however, request a specific amount for any of these categories of damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

On April 4, 2019, Defendant was served with the summons and complaint. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 4. Defendant filed an answer on April 25, 2019. *Id.* ¶ 5. With its answer, Defendant served Plaintiff with a request for admission asking Plaintiff to admit that the amount in controversy in the case exceeds $75,000. *See Plaintiff's Response to Requests for Admissions*, Dkt. # 9-1, Ex. E ("*RFA Response*"), 2:25–27. On May 22, 2019, Plaintiff provided a response denying the request "to the extent that the complaint itself does not plead any specific amount of damages." *Id.* 3:9–10. The response elaborated that "the only estimate that Plaintiff can provide is that she has been deprived of approximately $3,000 in lost income to date as a result of her unlawful termination, in addition to the loss of benefits she had earned while working for Defendant and the lost value to her professional reputation." *Id.* 3:13–17. As for the non-economic damages, the response stated that they "may or may not exceed $75,000 given that there is no precise formula to calculate such damages which is why it will ultimately be within the trier of fact's discretion to determine the amount." *Id.* 3:19–21. Similarly for punitive damages, the response contended that "while Plaintiff believes an award of punitive damages is appropriate," she could only speculate as to whether they would be awarded or what the amount awarded would be. *Id.* 3:22–26. The following week, Defendant removed the case to this Court, asserting federal jurisdiction on the basis of diversity. *See NOR*.

Plaintiff now moves to remand, arguing both that the removal was untimely and that Defendant has not sufficiently established that at least $75,000 is in controversy. *See generally Mot.*

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

*Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Although a district court lacks the authority to remand a case sua sponte for procedural defects, *see Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

III.   Discussion

Defendant has invoked the Court's diversity jurisdiction, which applies when the parties are of completely diverse citizenship and more than $75,000 is in controversy. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are completely diverse. However, Plaintiff disputes the timeliness of Defendant's removal and whether the amount in controversy exceeds $75,000. *See Mot.* 2:6–9.

   A.   Timeliness of Removal

      i.   *Legal Standard*

The removal statute sets forth two thirty-day time limits that apply to the removal of civil cases. *See* 28 U.S.C. § 1446. First, it provides that a notice of removal "shall be filed within 30 days after receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *Id.* § 1446(b). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The thirty-day clock begins running when the defendant is served with the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In other words, the "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock . . . to begin." *Id.* at 695. The defendant has no duty to investigate beyond the four corners of the initial pleading, even if information contained within it provides a "clue" as to removability. *See id.* at 696–97. The same rule applies to whether the face of an "amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

pleading, motion, order or other paper" provides the defendant with notice that the case is removable. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

Importantly, these two thirty-day windows are not the only points at which a defendant may remove a case. A defendant may remove outside these time periods "on the basis of its own information," provided it has not previously run afoul of either of the thirty-day deadlines. *Id.* at 1125; *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or an 'amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").

   *ii.*  *Discussion*

Here, Plaintiff argues that the removal was untimely because Defendant removed the case fifty-five days after it was served with the complaint. *See Mot.* 7:1–8:8. However, the thirty-day clock for removal starts upon service only if the "case stated by the initial pleading was removable on its face." *Harris*, 425 F.3d at 694. In this case, that would require Defendant to have been able to determine from the face of the complaint that more than $75,000 is in controversy. In seeking only broad categories of damages, without listing any specific amounts, the face of the complaint does not contain information indicating that the case was removable and therefore the thirty-day clock removal clock did not start when Defendant was served.

Perhaps recognizing as much, Plaintiff primarily complains that Defendant did not learn any new information about the removability of the case during the fifty-five days between the date of service and the date of removal and that Defendant therefore could have filed its notice of removal earlier. *See Mot.* 7:25–28 ("[T]here is no evidence provided by Defendant that anything changed at any time within the 55 days between being served with the Complaint on April 4, 2019 and filing its removal on May 29, 2018 [sic] which in any way suddenly placed Defendant on notice of the $75,000 amount of controversy being met.") (underlining deleted). She contends that Defendant simply had "buyer's remorse" about litigating in state court and therefore removed the case at a random time without explaining why changed circumstances allowed for removal. *See id.* 8:1–8.

But in addressing similar concerns, the Ninth Circuit has essentially said "tough luck." In noting that allowing a defendant to remove a case outside the thirty-day periods might lead to gamesmanship, the court explained that "plaintiffs are in a position to protect themselves." *Roth*, 720 F.3d at 1126. "[I]f plaintiffs think that their action may be removable and think,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained," at which point the thirty-day removal period would begin running. *Id.*

Here, because the complaint did not indicate on its face that more than $75,000 was in controversy, the thirty-day removal clock did not start. Defendant was therefore entitled to "remove at any time" based on its own information, without any need to explain the timing of its removal. *See Rea*, 742 F.3d at 1238. Accordingly, the removal was timely, and Plaintiff's motion to remand based on untimeliness is therefore **DENIED**.

B.  Amount in Controversy

The Court now turns to Plaintiff's argument that Defendant has failed to establish by a preponderance of the evidence that more than $75,000 is in controversy. *See Mot.* 8:9–13:6.

i.  *Legal Standard*

A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). It is only when the allegation is contested by the plaintiff or the court that evidence is required. In these circumstances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

The amount in controversy is determined by "the allegations in the complaint, and evidence that concerns them." *Garfias v. Team Indus. Servs., Inc.*, No. CV 17-4282 JAK (AGRx), 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017). When a complaint simply requests unspecified amounts of "economic damages, emotional distress damages, punitive damages, and attorney's fees," it is appropriate to total the amounts that can be shown, based on the allegations in the complaint, for each of the categories. *Id.*, at *3 (numbering omitted). The amount in controversy is not limited to damages accrued before the time of removal and instead "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

>   *ii.*   *Discussion*

The Court addresses each category of damages in turn.

>   *a.*   *Economic Damages* (*Lost Wages*)

In the complaint, Plaintiff seeks damages for "loss of income, earnings, salary and benefits." *See Compl.* ¶¶ 39, 48, 54, 60, 67. Defendant has put forth payroll records indicating that Plaintiff earned $22,238 from her employment during 2018, the last calendar year prior to her termination. *See Payroll Records*, Dkt. # 10-1, Ex. 3, at 5–6. Plaintiff has not disputed this amount. Relying on Plaintiff's 2018 earnings, which work out to approximately $1,853 per month, Defendant contends that the complaint is fairly read to be seeking at least $38,917 in lost income for the twenty-one months from Plaintiff's February 2019 termination to a trial that it "conservatively" estimates will take place in October 2020.[1] *See Opp.* 8:3–8.

Plaintiff attacks Defendant's estimate on two grounds. First, she contends that Defendant failed to take into account the possibility that she has or will mitigate her lost earnings damages, presumably by finding new employment. *See Reply* 5:21–6:12. However, mitigation of damages is an affirmative defense, and a "potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction." *See Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)); *Garfias*, 2017 WL 4512444, at *4. Plaintiff's mitigation argument is therefore not relevant to the Court's determination of the amount in controversy.

Next, Plaintiff points to her response to Defendant's request for admission, in which she indicated that as of May 22, 2019, "the only estimate [she could] provide is that she has been deprived of approximately $3,000 in lost income to date as a result of her termination." *See RFA Response*, 3:13–15. Plaintiff argues that her "estimate" that she lost "approximately $3,000 in lost income" in the five months from her termination to the date of the response indicates that it is unreasonable to assume that she is seeking to recover $1,853 per month in lost income. *See Reply* 6:13–22.

---

[1] The Court concludes that Defendant's estimate of an October 2020 trial is reasonable considering that a scheduling conference will not be held in this case until March 2, 2020. *See* Dkt. # 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

Had Plaintiff provided any factual basis for her $3,000 "estimate," her argument may well have been persuasive. But her response to Defendant's request for admission provided no explanation for why her lost income amounted to only $3,000, and she has not put forth any evidence on this point in the briefing on the current motion. As the Supreme Court explained in *Dart Cherokee*, when the defendant's allegation regarding the amount in controversy is questioned, "*both sides*" must "submit proof," at which point the court decides "by a preponderance of the *evidence*" whether the amount in controversy requirement is met. 135 S. Ct. at 550 (emphasis added). Plaintiff's unexplained estimate of her lost income has no probative value; the Court cannot simply credit her say-so. The only actual evidence before the Court is the payroll records submitted by Defendant, which indicate that Plaintiff was earning $1,853 per month at the time of her termination. Given the allegations that Plaintiff was continuing to suffer financial damages, including lost earnings, at the time the complaint was filed, *see Compl.* ¶ 39, the Court agrees with Defendant's calculation that at least $38,917 in lost earnings is in controversy.[2]

### b. Non-Economic Damages (Emotional Distress)

Courts may consider emotional distress damages when analyzing the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended*; *Ponce v. Med. Eyeglass Ctr., Inc.*, No. CV 15-4035 CAS (JEMx), 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-9154 AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

Because Plaintiff's complaint raises allegations of racial harassment and discrimination, Defendant argues that her potential damages for emotional distress could be substantial. Defendant primarily bases its arguments about non-economic damages on jury verdicts and settlements in other cases. *See Opp.* 6:19–21. The Court may consider such damages awards when analyzing whether the facts in this case place the amount in controversy above the jurisdictional limit. *See Ponce*, 2015 WL 4554336, at *4–5; *Sasso*, 2015 WL 898468, at *6; *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250–51 (C.D. Cal. 2012). But "[w]hile settlements and jury verdicts in similar cases can provide evidence of the amount in

---

[2] The parties dispute whether it is appropriate to include potential lost earnings *after* trial (i.e. front pay) in the calculation of the amount in controversy. In *Chavez*, the Ninth Circuit appeared to hold that potential future earnings should be included. *See* 888 F.3d at 416–17. However, the Court does not need to decide the issue here because, as explained below, more than $75,000 is in controversy in this case even without taking future earnings into account.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *Aguilar v. Wells Fargo Bank, N.A.*, No. EDCV 15-1833 AB (SPx), 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015) (quoting *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012)).

At least one of the cases Defendant has put forward is closely analogous to this case.[3] In *Moland v. Mcwane, Inc.*, No. B285628 (Cal. Super. Ct. 2018), the jury awarded the plaintiff $2,500,000 in non-economic damages based on claims of racial discrimination and wrongful termination. *See RJN*, Ex. F. Like Plaintiff's allegations here, the plaintiff in *Moland* alleged that other employees at his workplace had used the n-word around him and that he had been fired after complaining about their conduct. *Id.*

Plaintiff argues that Defendant cannot simply cherry-pick outlier jury verdicts to establish that hundreds of thousands in emotional distress damages are in controversy. *See Reply* 8:8–11. The point is well taken. But the Court is not taking the verdict in *Moland* as conclusive evidence of the amount in controversy. Instead, it finds it useful only to illustrate the extent to which juries take racial discrimination and harassment claims seriously and may award emotional distress damages in such cases that far exceed the amount of economic damages.

It is not necessary to decide here whether it is appropriate to estimate hundreds of thousands or even millions of dollars in emotional distress damages in controversy in a racial discrimination case. Defendant has argued only that the Court should assume that the complaint requests emotional distress damages in an amount at least equal to the amount of economic damages. *See Opp.* 10:16–19. Using this ratio would add $38,917 to the amount in controversy calculation, bringing the total amount of economic and non-economic damages to $77,834.

At least one decision from this District has concluded that it is appropriate to estimate a 1:1 ratio between emotional distress damages and economic damages, *Garfias*, 2017 WL 4512444, at *5, and Plaintiff herself seems to suggest that this ratio is appropriate, *see Reply* 7 n.2 ("[R]ightly or wrongly, as Defendant points out, juries often award emotional damages based on the amount of lost wages."). The Court further notes that estimating $38,917 in emotional distress damages appears appropriate in light of Plaintiff's response to Defendant's request for admission, in which she stated that the amount of non-economic damages "may or may not exceed $75,000" depending on the jury's verdict, apparently recognizing that an emotional

---

[3] The Court **GRANTS** Defendant's request for judicial notice of this decision. *See* Dkt. # 10-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4678 PSG (GJSx) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Juanita Jackson v. Compass Group USA, Inc. | | |

damages award well in excess of $38,917 would not be an unreasonable expectation in this case. *See RFA Response* 3:19–22.

For these reasons, the Court concludes that it is appropriate to estimate $38,917 in emotional distress damages, bringing the total amount in controversy on economic and non-economic damages to $77,834.

        *c.*     *Punitive Damages and Attorneys' Fees*

Because more than $75,000 is in controversy on economic and non-economic damages alone, there is no need to extensively discuss Plaintiff's requested punitive damages and attorneys' fees. The Court notes only briefly that courts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. *See, e.g.*, *Zapata Fonseca v. Vigo Imp. Co.*, No. 5:16-cv-2055-EJD, 2016 WL 62490006, at *2 (N.D. Cal. Oct. 26, 2016); *Bayol v. Zipcar, Inc.*, No. 14-cv-2483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015). Doing so here would bring the amount in controversy to more than $155,000. And attorneys' fees would add, at a minimum, several thousand dollars more to this total.

In short, the Court concludes that the amount in controversy in this case is well in excess of $75,000. Accordingly, Plaintiff's motion to remand for lack of subject matter jurisdiction is **DENIED**.

IV.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

       **IT IS SO ORDERED**.